## CIRCUIT COURT OF ROANOKE COUNTY

Roy Omer Jordan

    v.

Billy N. Hale

### December 22, 1977

**By JUDGE F. L. HOBACK**

The plaintiff, on November 28, 1975, filed a motion for judgment seeking to obtain from the defendant a judgment in the amount of $250,000.00 on account of alleged negligence of the defendant causing an automobile accident in which the plaintiff was injured.

Thereafter, the Early Settlers Insurance Company filed, on February 13, 1976, in response to said motion for judgment, a plea of release and assignment.

By order entered on March 3, 1977, the original counsel for the plaintiff, G. Marshall Mundy, asked that he be relieved as counsel, and Edwin C. Stone substituted in his place.

On April 29, 1977, a reply to the plea of release was filed on behalf of the plaintiff.

The depositions of Roy Omer Jordan, plaintiff, and Jeffrey H. Krasnow, the attorney who represented the plaintiff in connection with the settlement in controversy, were taken on March 10, 1977, the Jordan deposition being filed on March 21, 1977, and the Krasnow deposition being filed on April 29, 1977.

Thereafter, a hearing, before the Court, was had on April 29, 1977, at which time the Court heard the evidence of Fred H. Evans, an adjuster for the Early Settlers Insurance Company, Roy Omer Jordan and Jeffrey H. Krasnow.

There is in controversy the validity of a document entitled "Receipt-Release-Assignment," executed by Roy O. Jordan, the plaintiff, on November 20, 1974, and witnessed by Fred H. Evans, the adjuster, which document, in consideration of the payment of $16,500.00, purported to release the Early Settlers Insurance Company of any and all claims which Roy O. Jordan had on account of the accident which occurred April 4, 1974, and which also purported to assign and transfer to the insurance company all other claims and demands which Roy O. Jordan had growing out of the said accident.

The plaintiff contends that he did not understand the release, and understood that it was only to be a partial settlement, and asserts that he is uneducated and not capable of understanding the document which he admits he signed. This is disputed by Early Settlers Insurance Company on the basis that Roy O. Jordan was advised by counsel, that the parties dealt fairly, and that the $16,500.00 was accepted in full settlement of all claims of Roy O. Jordan.

Following the hearing on April 29, 1977, the Court requested counsel to furnish memoranda setting out the position of each and citing any authorities that might be pertinent in support of their position. A memorandum on behalf of Early Settlers Insurance Company was filed on April 29, 1977, with the Clerk; the memorandum on behalf of the plaintiff was filed with the Clerk on May 9, 1977, and a reply brief on behalf of the insurance company was filed with the Clerk on May 17, 1977.

This Court was not advised about the filing of the briefs, and only recently did it come to the Court's attention that no decision had ever been rendered in this particular case.

It appears from the evidence that the plaintiff was represented by counsel, Jeffrey H. Krasnow, and that the plaintiff consulted with him, and was sent by him to the adjuster's office to obtain the check from the insurance company in the amount of $16,500.00. It appears that Mr. Krasnow advised him in connection with the settlement, and that the plaintiff went to the office for the purpose of getting the check, and that his chief complaint is that the attorney paid out a good bit of the money

for bills, but, in answer to a specific question in his deposition, page 9:

Q. During all of this time, Mr. Krasnow was employed as your attorney, is that correct?
A. Yes.
Q. And you relied upon his advice?
A. Yes, in other words, I believe him. . . .

Q. All right, in other words, when you signed this document, Exhibit 1, (the release), you were relying upon the advice of your attorney, Mr. Krasnow?
A. Right.
Q. And not upon anything that anybody from Early Settlers Insurance Company might have told you?
A. No.

The plaintiff contends that he did not know the extent of the coverage which the insurance company had, and consequently felt like he should have more money in the settlement as a result of the coverage that was available. However, the adjuster testified that the plaintiff, by counsel, wanted $18,000.00 in settlement, and that he replied that the company would pay $15,000.00, and that the matter was settled on the basis of the $16,500.00, and that in his opinion it was a fair settlement and was accepted by Jordan and his attorney.

Under all of the evidence, there is no proof of mistake or fraud, in the opinion of the Court, sufficient to set aside the release. This Court adheres to the authorities cited in the brief and reply brief of counsel for the insurance company, and particularly on the recent case cited of *Nationwide Mutual* v. *Muncy*, 217 Va. 916 (1977), wherein the court held that whether the ground is mutual mistake or fraud, a party seeking to set aside a release has the burden of proof by clear, cogent and convincing evidence that the release should be set aside. No evidence to this effect, in the opinion of the Court, has been submitted in the instant case. Accordingly, the Court sustains the plea of release and assignment on behalf of the Early Settlers Insurance Company, and is of the

opinion that on the basis thereof the plaintiff's motion for judgment should be dismissed.